UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVINO GRAHAM, )<br>      Plaintiff, )<br>v. )<br>PAMELA J. BONDI, )<br>      Defendant. ) | Civil Action No. 1:25-cv-03319 (UNA) |

## MEMORANDUM OPINION

Plaintiff, a federal prisoner proceeding *pro se*, has filed a "Notice" ("Not.") ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2.[1] Upon review, for the reasons explained below, this matter is dismissed without prejudice.

At the outset, the Court notes that Plaintiff has attempted to open a civil matter without filing an actual complaint, which he may not do. *See* Fed. R. Civ. P. 3; *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1069 n.9 (D.C. Cir. 1998); *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002). In any event, and generously construing Plaintiff's "Notice" as Complaint, this matter still cannot survive.

Plaintiff attempts to challenge the constitutionality of the statute under which he was convicted, namely, 18 U.S.C. § 1591, which governs sex trafficking crimes. *See* Not. at 1–5. He seeks to do so pursuant to Federal Rule of Civil Procedure 5.1, *see id.* at 1, but neither Federal Rule 5, nor D.C. Local Civil Rule 5.1, bear any relevance to Plaintiff's intended claim. In any

---

[1] Plaintiff's IFP Application is not captioned for this Court, nor for any other court, in contravention of Federal Rule 10(a) and D.C. Local Rule 5.1(g), and it asks for leave to proceed IFP on appeal, even though Plaintiff has only just initiated this matter, and there is no appealable order yet entered. Insofar as Plaintiff intended to request for leave to proceed IFP *in this* matter, such request is granted.

event, Plaintiff contends that § 1591(a) is unconstitutionally vague because of the alleged uncertainty as to whether the statute includes one offense or multiple offenses, and is thus ambiguous as to whether an operative statutory crime (or crimes) must involve a minor victim. *See id*. at 2–5. He asks the Court to assess the alleged unconstitutionality of the statute's language "As Applied (emphasis on As Applied) to him." *See id.* at 2, 5.

First, Plaintiff's challenge is a very thinly veiled attempt to contest his conviction in the U.S. District Court for the Eastern District of Pennsylvania, which is an improper collateral attack. A lawsuit is considered a collateral attack "if, in some fashion, it would overrule a previous judgment[,]" *Stone v. HUD*, 859 F. Supp. 2d 59, 64 (D.D.C. 2012) (internal quotation marks omitted) and "questions the validity of a judgment or order in a separate proceeding that is not intended to obtain relief from the judgment[,]" *37 Associates v. REO Constr. Consults., Inc.*, 409 F. Supp. 2d 10, 14 (D.D.C. 2006) (internal quotation marks omitted).

Indeed, Plaintiff has already presented this same exact challenge in the Eastern District of Pennsylvania. *See U.S. v. Graham*, No. 14-623-1, 2020 WL 9596330, at *3 (E.D. Pa. Feb. 21, 2020) ("*Graham I*"), *cert. of appealability denied*, No. 20-1631, 2020 WL 9596841 (3rd Cir. Oct. 23, 2020), *cert. denied*, 141 S.Ct. 2655, (2021). As explained by the court in *Graham I*:

> Petitioner first asserts that Section 1591(a) is unconstitutionally vague because of the alleged 'uncertainty as to whether the statute defines one offense or multiple offenses.' . . . A plain reading of Section 1591(a) reveals no such ambiguity. Petitioner has been challenging the constitutionality of Section 1591(a) since first being charged with same because he refuses to acknowledge the "either/or" language provided therein. There was never any assertion that this matter involved minors, yet Petitioner's constitutional challenge necessarily rests on that particular section of the statute. The portion of the statute that applies to Petitioner clearly delineates the circumstances under which he could be held accountable. For the reasons set forth in this Court's prior ruling on the matter, said issue is without merit.

Plaintiff attempts now to circumvent the Eastern District of Pennsylvania's ruling by recasting it as a broad national policy or constitutional issue, but he also explicitly asks this Court to interpret § 1591(a) as it relates to his own conviction. But this Court is without jurisdiction to review or otherwise interfere with the existing decisions of the Eastern District of Pennsylvania, or for that matter, any other federal court. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

In other words, Plaintiff must seek the relief sought by filing, in the Eastern District of Pennsylvania, either a direct appeal or a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. *See Taylor v. United States Board of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (holding that an attack on the constitutionality of the statute under which the defendant was convicted and sentenced his suit could not "be used as a substitute for appeal, nor to compel" the federal goverment "to exercise powers" outside of its purview, and noting that plaintiff's claims must be raised through 28 U.S.C. § 2255). And if Plaintiff is then dissatisfied with the outcome of his § 2255 petition in *Graham I*, he "may not complain that the remedies provided him by [§ 2255] [were] inadequate merely because he was unsuccessful when he invoked them." *Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995); *see also Boyer v. Conaboy*, 983 F. Supp. 4, 7 (D.D.C. 1997) (holding same and noting that "federal courts have been virtually unanimous that when a prisoner claims his § 2255 proceeding is inefficacious, '[l]ack of success in the sentencing court does not render his remedy inadequate or ineffective.'") (collecting cases)

(quoting *Boyden v. United States*, 463 F.2d 229, 230 (9th Cir. 1972)). Nor would this District be the appropriate place to raise such concerns; such is the province of the Eastern District of Pennsylvania, the Third Circuit, and thereafter, the Supreme Court. *See* 28 U.S.C. § 2255(a).

For all these reasons, this matter is dismissed without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

Date: December 29, 2025

/s/_____
ANA C. REYES
United States District Judge